IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **HANCOCK WHITNEY BANK,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **COMMERCIAL CONSTRUCTION AND MAINTENANCE, INC.; PAUL S. PENCE; PAUL KEVIN PENCE; and KARYN LACEY PENCE STAFFORD,** | ) **CIVIL ACTION NO. _____** |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, the Plaintiff, Hancock Whitney Bank ("Hancock Whitney"), and files its Complaint against Defendants, Commercial Construction and Maintenance, Inc. ("CCMI"), Paul S. Pence, Paul Kevin Pence, and Karyn Lacey Pence Stafford, collectively, (collectively, "Defendants"), as follows:

### PARTIES AND JURISDICTION

1. The Plaintiff, Hancock Whitney Bank, is a Mississippi state-chartered bank qualified to do business in Alabama, with its principal place of business in Gulfport, Mississippi. For the purposes of this Court's analysis of diversity in this matter and to satisfy the requirements of 28 U.S.C. § 1332, Hancock Whitney is a citizen of the State of Mississippi.

2. Defendant CCMI is an Alabama corporation with its principal place of business in Birmingham, Alabama. For the purposes of this Court's analysis of diversity in this matter to satisfy the requirements of 28 U.S.C. § 1332, CCMI is a citizen of the State of Alabama.

3.  Defendant Paul S. Pence is an individual resident of Alabama who is over the age of eighteen years old. For the purposes of this Court's analysis of diversity in this matter to satisfy the requirements of 28 U.S.C. § 1332, Paul S. Pence is a citizen of the State of Alabama.

4.  Defendant Paul Kevin Pence is an individual resident of Alabama who is over the age of eighteen years old. For the purposes of this Court's analysis of diversity in this matter to satisfy the requirements of 28 U.S.C. § 1332, Paul Kevin Pence is a citizen of the State of Alabama.

5.  Defendant Karyn Lacey Pence Stafford is an individual resident of Alabama who is over the age of eighteen years old. For the purposes of this Court's analysis of diversity in this matter to satisfy the requirements of 28 U.S.C. § 1332, Stafford is a citizen of the State of Alabama.

6.  Subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, as complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.  Personal jurisdiction and venue are also proper in this Court, as the Note and Guaranties were made in Mobile County, Alabama, and all Defendants contractually agreed to submit to the jurisdiction and venue of Mobile County, Alabama.

## STATEMENT OF FACTS

8.  This lawsuit arises from four (4) Commercial Notes and related Personal Guaranties from Defendants in favor of Hancock Whitney Bank, all of which are in default due to non-payment.

## Loan 7539

9.  On August 17, 2022, CCMI executed a Promissory Note (collectively, "Note 7539") in favor of Hancock Whitney as Lender in the original principal amount of $5,000,000.00. A true and correct copy of Note 7539 is attached hereto as Exhibit A.

10. On the same date, Paul Kevin Pence and Karyn Stafford executed Commercial Guaranties in favor of Hancock Whitney, unconditionally guaranteeing payment of Note 7539. True and correct copies of the Guaranties are attached hereto as Exhibit B.

11. Note 7539 is secured by that certain Commercial Security Agreement, dated August 17, 2022, and the UCC-1 Financing Statement on record with the Alabama Secretary of State, a true and correct copy of which is attached hereto as Exhibit C.

12. On August 16, 2024, CCMI executed amendments to Note 7539 extending the maturity date to January 31, 2025. True and correct copies of the Loan Agreement and Forbearance Agreement are attached hereto as Exhibit D.

13. On August 13, 2024 Paul Kevin Pence, Paul S. Pence, and Karyn Stafford executed personal Guaranties in favor of Hancock Whitney, unconditionally guaranteeing, jointly and severally, "the prompt payment in full when due, whether by acceleration or otherwise, of any and all indebtedness, obligations and liabilities of any kind of [CCMI] to [Hancock Whitney], whether direct or indirect or contingent, due or to become due, now existing or hereafter arising…" True and correct copies of the Guaranties are attached hereto as Exhibit E.

## Loan 6034

14. On October 24 2022, CCMI executed a Promissory Note ("Note 6034") in favor of Hancock Whitney in the original principal amount of $80,276.28. A true and correct copy of Note 6034 is attached hereto as Exhibit F.

15. On the same date, Paul Kevin Pence and Karyn Stafford executed personal Guaranties in favor of Hancock Whitney, unconditionally guaranteeing the payment of Note 6034. True and correct copies of the Guaranties are attached hereto as Exhibit G.

16. Note 6034 is secured by that certain Commercial Security Agreement, dated October 24, 2022, and the UCC-1 Financing Statement filed with the Alabama Secretary of State. True and correct copies of the Commercial Security Agreement and UCC-1 are attached hereto as <u>Exhibit H</u>.

17. Payment of Note 6034 is guaranteed by those certain personal Guaranties from Paul Kevin Pence, Paul S. Pence, and Karyn Stafford, dated August 13, 2024, in favor of Hancock Whitney. (<u>Ex. E</u>).

## Loan 3136

18. On August 9, 2023, CCMI executed a Promissory Note ("Note 3136") in favor of Hancock Whitney in the original principal amount of $258,289.75. A true and correct copy of Note 3136 is attached hereto as <u>Exhibit I</u>.

19. Note 3136 is secured by that certain Commercial Security Agreement dated August 9, 2023, a true and accurate copy of which is attached hereto as <u>Exhibit J</u>.

20. Payment of Note 3136 is guaranteed by the personal Guaranties of Paul Kevin Pence, Paul S. Pence, and Karyn Stafford, dated August 13, 2024, in favor of Hancock Whitney. (<u>Ex. E</u>).

## Loan 0671

21. On August 17, 2022, Karyn Stafford executed that certain Promissory Note ("Note 0671") in favor of Hancock Whitney in the original principal amount of $2,500,000.00. A true and correct copy of Note 0671 is attached hereto as <u>Exhibit K</u>.

22. On August 17, 2022, CCMI and Paul S. Pence executed Commercial Guaranties in favor of Hancock Whitney, unconditionally guaranteeing the payment of Note 0671. True and correct copies of the Commercial Guaranties are attached hereto as <u>Exhibit L</u>.

23. Note 0671 is secured by that certain Commercial Security Agreement dated August 17, 2022 and UCC-1 Financing Statement filed of record with the Alabama Secretary of State's office. A true and correct copy of the Commercial Security Agreement and UCC-1 are attached hereto as <u>Exhibit M</u>.

**All Loans**

24. Note 7539, Note 6034, Note 3136, and Note 0671 are in default due to non-payment.

25. As a result, all loan documents described above which were signed in relation to Note 7539, Note 6034, Note 3136, and Note 0671 are in default.

26. Despite written notice from Hancock Whitney that the full amounts owed under Note 7539, Note 6034, Note 3136, and Note 0671 are due, the guarantors, Commercial Construction and Maintenance, Inc., Paul S. Pence, Paul Kevin Pence, and Karyn Lacey Pence Stafford, have failed to make payment.

**COUNT ONE**
**BREACH OF CONTRACT (LOAN 7539)**

27. Hancock Whitney restates and incorporates the allegations of Paragraphs 1-29 as though set forth fully herein.

28. Hancock Whitney has fully performed all of its obligations under Note 7539.

29. The Defendants have breached the terms of the Note and related Guaranties by failing to make payment when due.

30. Hancock Whitney has suffered monetary damage as a result of Defendants' non-performance.

WHEREFORE, Hancock Whitney Bank, prays that this honorable Court will enter judgment against all of the Defendants, jointly and severally, for the entire indebtedness owed due

under Note 7539 and related loan documents, including all principal, interest, late charges, attorneys' fees, costs and expenses; and for such other further and different relief to which Hancock Whitney Bank is entitled, at law or in equity, the premises considered.

## COUNT TWO
## BREACH OF CONTRACT (LOAN 6034)

31. Hancock Whitney restates and incorporates the allegations of Paragraphs 1-33 as though set forth fully herein.

32. Hancock Whitney has fully performed all of its obligations under Note 6034.

33. The Defendants have breached the terms of the Note and related Guaranties by failing to make payment when due.

34. Hancock Whitney has suffered monetary damage as a result of Defendants' non-performance.

WHEREFORE, Hancock Whitney Bank, prays that this honorable Court will enter judgment against all of the Defendants, jointly and severally, for the entire indebtedness owed due under Note 6034 and related loan documents, including all principal, interest, late charges, attorneys' fees, costs and expenses; and for such other further and different relief to which Hancock Whitney Bank is entitled, at law or in equity, the premises considered.

## COUNT THREE
## BREACH OF CONTRACT (LOAN 3136)

35. Hancock Whitney restates and incorporates the allegations of Paragraphs 1-37 as though set forth fully herein.

36. Hancock Whitney has fully performed all of its obligations under Note 3136.

37. The Defendants have breached the terms of the Note and related Guaranties by failing to make payment when due.

38. Hancock Whitney has suffered monetary damage as a result of Defendants' non-performance.

WHEREFORE, Hancock Whitney Bank, prays that this honorable Court will enter judgment against all of the Defendants, jointly and severally, for the entire indebtedness owed due under Note 3136 and related loan documents, including all principal, interest, late charges, attorneys' fees, costs and expenses; and for such other further and different relief to which Hancock Whitney Bank is entitled, at law or in equity, the premises considered.

## COUNT FOUR
## BREACH OF CONTRACT (LOAN 0671)

39. Hancock Whitney restates and incorporates the allegations of Paragraphs 1-41 as though set forth fully herein.

40. Hancock Whitney has fully performed all of its obligations under Note 0671.

41. Defendant Karyn Stafford has breached the terms of Note 0671 and Defendants CCMI and Paul S. Pence have breached the terms of the related Continuing Guarantee by failing to make payment when due.

42. Hancock Whitney has suffered monetary damages as a result of the non-performance, default and breach of Defendants Karyn Stafford, CCMI, and Paul S. Pence.

WHEREFORE, Hancock Whitney Bank prays that this honorable Court will enter judgment against Defendants Karyn Stafford, CCMI, and Paul S. Pence, jointly and severally, for the entire indebtedness due under Note 0671, and related loan documents, including all principal, interest, late charges, attorneys' fees, costs and expenses; and for such other further and different relief to which Hancock Whitney Bank is entitled, at law or in equity, the premises considered.

          Respectfully submitted,

          */s/ Robert C. Matthews*
          ROBERT C. MATTHEWS   (MATTR7750)
          KRISTY L. WALDRON     (DUG007)
          *Attorneys for Hancock Whitney Bank*

OF COUNSEL:
**BURR & FORMAN LLP**
11 North Water St., Suite 22200
Mobile, Alabama 36602
T: (251) 345-8218
F: (251) 344-9696
RMatthews@burr.com
KWaldron@burr.com

## **SERVICE INSTRUCTIONS**

Please issue process to be served at the following addresses for the following Defendants:

COMMERCIAL CONSTRUCTION & MAINTENANCE, INC.
C/o Paul Pence, Registered Agent
3664 Guyton Road
Birmingham, AL 35244

Paul S. Pence
3664 Guyton Road
Birmingham, AL 35244

Paul Kevin Pence
4223 Lindsey Circle
Bessemer, AL 35022

Karen Lacey Pence Stafford
1382 Lake Trace Lane
Hoover, AL 35244