IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HANCOCK WHITNEY BANK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIV. A. NO. 25-0201-MU ) |
| COMMERCIAL CONSTRUCTION AND MAINTENANCE, INC., *et al.,* | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

On September 8, 2025, Plaintiff Hancock Whitney Bank filed its Motion for Summary Judgment against Defendants Commercial Construction and Maintenance, Inc. ("CCMI"), Paul S. Pence, and Paul Kevin Pence (collectively "Defendants") on three of the four counts for breach of contract related to the loans and guaranties identified below set forth in its complaint. (Doc. 29; *see* Doc. 1). Because Plaintiff does not seek judgment on all counts of its complaint, the Court will consider its motion as one for partial summary judgment. On September 10, 2025, the Court ordered Defendants to "file a brief and affidavits or other evidence in opposition to the motion on or before October 6, 2025." (Doc. 32). As of this date, no response has been filed. (*See* Docket Sheet). Accordingly, Hancock Whitney Bank's motion is unopposed. After review of the motion, brief in support, and other evidence in the record, and for the reasons set forth below, Plaintiff's motion for partial summary judgment as to its claims against Defendants Commercial Construction and Maintenance, Inc. ("CCMI"), Paul S. Pence, and Paul Kevin Pence set forth in Counts One, Three, and Four is **GRANTED.**

### I. <u>Introduction</u>

Plaintiff Hancock Whitney Bank filed the instant action on May 12, 2025, seeking a monetary judgment against Defendants CCMI, Paul Kevin Pence, Paul S. Pence, and Karen Lacey Pence Stafford for the full amount owed under certain Notes and Guaranties that were in default. (Doc. 1). On July 9, 2025, a Suggestion of Bankruptcy was filed on behalf of Karen Lacey Pence Stafford, and this action was stayed as to Stafford only. Accordingly, Plaintiff's motion only seeks judgment as to the other three defendants.

In Count One of its complaint, Plaintiff seeks recovery for breach of contract related to Loan 7539; in Count Two, Plaintiff seeks recovery for breach of contract related to Loan 6034; in Count Three, Plaintiff seeks recovery for breach of contract related to Loan 3136, and in Count Four, Plaintiff seeks recovery for breach of contract related to Loan 0671. In the instant motion, Plaintiff seeks summary judgment as to Counts One, Three, and Four.

### II. <u>Summary Judgment Standard</u>

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Plaintiff, as the party seeking summary judgment, bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the movant is entitled to

summary judgment. *Celotex*, 477 U.S. at 323. In assessing whether the nonmoving party has met its burden, "the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter…. Instead, '[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998-99 (11th Cir. 1992).

"After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *AGSouth Genetics, LLC v. Cunningham*, No. CA 09-745-C, 2011 WL 1833016, at *2 (S.D. Ala. May 13, 2011). In this case, Defendants have not responded to the motion for summary judgment. Even so, "[s]ummary judgment is not automatically granted by virtue of a non-movant's silence." *Williams v. Aircraft Workers Worldwide, Inc.*, 832 F. Supp.2d 1347, 1352 (S.D. Ala. 2011). "Even in an unopposed motion [for summary judgment], ... the movant is not absolve[d] ... of the burden of showing that it is entitled to judgment as a matter of law." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (citations and internal quotation marks omitted); *see also United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion ... [and] ensure that the motion itself is supported by evidentiary materials."); Commentary to 2010 Amendments to Fed. R. Civ. P. 56(e) ("summary judgment cannot be granted by default even when there is a complete failure to respond to the motion").

However, a court is not obligated to construct arguments or theories or to conjure up evidence that a party has chosen not to present on its own accord. Therefore, Defendants' failure to offer evidence or any authority in opposition to Hancock Whitney's motion leaves the Court with the sole task of determining whether the motion is supported by sufficient evidentiary material to support a finding on the merits that Hancock Whitney is entitled to judgment in its favor as a matter of law. See *One Piece of Real Property, supra*, 363 F.3d at 1101-02; *SE Prop. Holdings, LLC v. Stradley,* Civ. A. No. 11-0219-WS-N, 2012 WL 1605561, at *2-3 (S.D. Ala. May 7, 2012).

### III. Undisputed Material Facts

Defendants did not file any opposition or response to Hancock Whitney's statement of material facts; therefore, there is no genuine dispute of material facts. Hancock Whitney submitted the following relevant, material facts, along with supporting evidentiary material:

On August 17, 2022, CCMI executed a promissory note in favor of Hancock Whitney in the principal amount of $5,000,000.00 ("Note 7539"). (Doc. 28-1, PageID. 344, 349-51). CCMI admitted that it executed Note 7539 in favor of Hancock Whitney. (Doc.10, PageID.155). On August 17, 2022, Paul Kevin Pence executed a Commercial Guaranty in favor of Hancock Whitney, unconditionally guaranteeing payment of Note 7539. (Doc. 28-1, PageID. 344, 356-58). Paul Kevin Pence admitted that he executed a Commercial Guaranty in favor of Hancock Whitney. (Doc. 13, PageID. 175). Note 7539 was amended on August 16, 2024, extending maturity to January 31, 2025. (Doc. 28-1, PageID. 345, 360-70). On August 13, 2024, Paul S. Pence and Paul Kevin Pence executed unconditional guaranties for the indebtedness owed by CCMI under Note

7539. (Doc. 28-1, PageID. 345, 372-88). Paul Kevin Pence has admitted that he executed the Personal Guaranty in favor of Hancock Whitney. (Doc. 13, PageID. 175).

On April 18, 2025, Hancock Whitney gave Defendants notice of default and acceleration and demanded repayment of principal, interest, and collection costs. (Doc. 28-2, PageID. 416-17). As of September 3, 2025, Note 7539's principal balance was $3,270,284.07, with interest of $147,619.55, and late fees in the amount of $3,000.00. (Doc. 28-1, PageID. 345).

On August 9, 2023, CCMI executed a promissory note in favor of Hancock Whitney in the original principal amount of $258,289.75 ("Note 3136"). (*Id*., PageID. 345, 400-03). Payment on Note 3136 is guaranteed by the personal Guaranties from Paul Kevin Pence and Paul S. Pence, dated August 13, 2024. (*Id.*). CCMI admitted that it executed Note 3136 in favor of Hancock Whitney. (Doc. 10, PageID.155). Paul Kevin Pence admitted to the contents of the Guaranty. (Doc. 13, PageID.176). On April 18, 2025, Hancock Whitney gave Defendants notice of default and acceleration and demanded repayment of principal, interest, and collection costs on Note 3136. (Doc. 28-2, PageID. 418). As of September 3, 2025, Note 3136's principal balance was $86,497.82, with interest at $3,833.42, and late fees of $527.92. (Doc. 28-1, PageID. 345).

On August 17, 2022, Karyn Lacey Pence Stafford and Paul Kevin Pence, jointly and severally, executed a promissory note in the original principal amount of $2,500,000.00 ("Note 0671"). (Doc. 28-1, PageID. 345, 405-07). On August 17, 2022, CCMI and Paul S. Pence executed commercial guaranties unconditionally guaranteeing payment of Note 0671. (Doc. 28-1, PageID. 346, 409-14). CCMI admitted

that it executed the commercial guaranty in favor of Hancock Whitney. (Doc. 10, PageID.155).

On April 18, 2025, Hancock Whitney gave Defendants notice of default and acceleration and demanded repayment of principal, interest, and collection costs. (Doc. 28-2, PageID. 419). As of September 3, 2025, Note 0671's principal balance was $1,478,205.25, with interest at $79,726.56, and late fees of $3,000.00. (Doc. 28-1, PageID. 346).

Each of the above notes and guaranties allows for the collection of attorneys' fees and costs associated with the enforcement and collection under each note and guaranty. (Doc. 28-1, PageID. 350, 357, 376, 385, 401, 406, 410, 413).

## IV. Conclusions of Law

### A. Breach of Contract

"[W]hen the facts material to the question whether a contract was formed are undisputed, the existence of a contract is a question of law for the court." *Walker v. Walker*, 144 So. 3d 359, 364 (Ala. Civ. App. 2013) (citing *Denson v. Kirkpatrick Drilling Co.*, 144 So. 86, 91 (Ala. 1932)). Defendants have not disputed here that the subject contracts, existing of notes and guaranties, between themselves and Hancock Whitney were formed, and a review of the documents themselves supports this finding. "[T]he basic elements of a contract are an offer and an acceptance, consideration, and mutual assent to the essential terms of the agreement." *Sirote & Permutt, P.C. v. Caldwell*, 293 So. 3d 867, 873 (Ala. 2019) (citations omitted); *accord Kol B'Seder, Inc. v. Certain Underwriters at Lloyd's of London*, 766 F. App'x 795, 801 (11th Cir. 2019). Here, it is undisputed that these contractual elements were met.

To establish a breach of contract under Alabama law, the plaintiff must show: 1) the existence of a valid, binding contract between the parties, 2) the plaintiff's performance of its obligations under the contract, 3) the defendant's non-performance, and 4) damages resulting from the breach. *Shaffer v. Regions Fin. Corp.,* 29 So. 3d 872, 880 (Ala. 2009). As set forth below, it is undisputed that valid, binding contracts existed between Hancock Whitney Bank and these Defendants, that Hancock Whitney provided the loan amounts required by the contracts, that Defendants have not made payment to Hancock Whitney as provided for in the notes and guaranties, and that Hancock Whitney has been damaged by these breaches.

CCMI is indebted to Hancock Whitney Bank as borrower under Notes 7539 and 3136 and as guarantor of Note 0671. Paul Kevin Pence is indebted to Hancock Whitney Bank as personal guarantor of all monetary obligations owed by CCMI to Hancock Whitney Bank. Paul S. Pence is indebted to Hancock Whitney Bank as personal guarantor of all monetary obligations owed by CCMI to Hancock Whitney Bank. It is undisputed that Hancock Whitney Bank fully performed its contractual duties under the subject notes and guaranties by advancing the loan funds; however, notes 7539, 3136, 0671, and CCMI's guaranty contract, are all in default for non-payment. As such, the subject guaranty contracts of Paul Kevin Pence and Paul S. Pence are all in default for non-payment. Accordingly, the Court finds, as a matter of law, that these Defendants have breached these contracts.

As of September 3, 2025, Note 7539's principal balance was $3,270,284.07, with interest of $147,619.55, and late fees in the amount of $3,000; totaling $3,420,903.62; Note 3136's principal balance was $86,497.82, with interest of $3,833.42, and late fees

of $527.92; totaling $90,859.16; and Note 0671's principal balance was $1,478,205.25, with interest at $79,726.56, and late fees of $3,000.00; totaling $1,560,931.81.

Because there is no dispute of material fact and Hancock Whitney Bank is entitled to a monetary judgment as a matter of law against Defendants Commercial Construction and Maintenance, Inc., Paul Kevin Pence, and Paul S. Pence, jointly and severally, for the full amounts owed under the contracts, Hancock Whitney Bank's motion for partial summary judgment as to Counts One, Three, and Four of its complaint is due to be granted.

## B. Attorneys' Fees and Costs

An award of attorneys' fees and costs was a term of each of the subject notes and guarantees between Hancock Whitney Bank and Defendants. (Doc. 28-1, PageID. 350, 357, 376, 385, 401, 406, 410, 413). Accordingly, the Court finds that Hancock Whitney Bank is entitled to recovery of attorneys' fees and costs incurred in connection with enforcement of the subject notes and guaranties. Hancock Whitney Bank is **ORDERED** to submit a declaration in support of attorneys' fees and costs within fourteen (14) days of this Order.

## V. Conclusion

For the foregoing reasons, the Court finds that Plaintiff Hancock Whitney Bank's motion for partial summary judgment is **GRANTED** as to the claims set forth against Defendants Commercial Construction and Maintenance, Inc. ("CCMI"), Paul S. Pence, and Paul Kevin Pence in Counts One, Three, and Four of its Complaint. Plaintiff Hancock Whitney Bank has established its entitlement to a judgment against Defendants Commercial Construction and Maintenance, Inc. ("CCMI"), Paul S. Pence,

and Paul Kevin Pence, jointly and severally, in the amount of $5,072,694.59, which is owed pursuant to the subject notes and guaranties. After Plaintiff submits its declaration in support of attorneys' fees and costs, it may move for certification of a partial final judgment pursuant to Rule 54(b).[1] See *Vision Bank v. Rookery, LLC,* Civ. A. No. 11-0014-WS-C, 2012 WL 468351, at *3 (S.D. Ala. Feb. 14, 2012).

**DONE** and **ORDERED** this **24th** day of **November, 2025**.

/s/ P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**

---

[1] To be clear, final judgment cannot yet be entered in this action because Count Two has not been resolved by this order and remains pending, as do all counts asserted against Karen Lacey Pence Stafford, which claims are currently stayed due to her pending bankruptcy action.